**John S. WOLD, Plaintiff,**

v.

**MINERALS ENGINEERING COMPANY, et al., Defendants.**

**MINERALS ENGINEERING COMPANY, Plaintiff,**

v.

**John S. WOLD, et al., Defendants.**

**Civ. A. Nos. 83–C–1068, 83–C–1096.**

United States District Court, D. Colorado.

Nov. 15, 1983.

Fishman, Gersh & Bursiek, P.C., Denver, Colo., for Minerals Engineering Co.

Donald C. McKinley, Mayer, Brown & Platt, Denver, Colo., for John S. Wold.

ORDER

CARRIGAN, District Judge.

This matter is before the Court on (1) the Motion of plaintiff Minerals Engineering Company ("MECO"), filed by its attorneys Fishman, Gersh & Bursiek, P.C., September 12, 1983, to disqualify the law firm of Mayer, Brown & Platt from representing John S. Wold in the captioned cases, and (2)

Wold's request for the imposition of sanctions under Rule 11 of the Federal Rules of Civil Procedure.

These matters were fully briefed and oral argument was had on October 21, 1983. At the close of that hearing, at the request of MECO's counsel, the court permitted MECO to take the oral depositions of two officers of The Colorado National Bank of Denver and allowed the parties to file supplemental statements following those depositions. The hearing was resumed on November 2, 1983. Prior to that hearing both parties filed supplemental statements. MECO filed additional affidavits and a lengthy additional brief.

The court, having reviewed the entire file, and having heard extensive oral argument on October 21 and November 2, 1983, finds and orders as follows:

## FINDINGS

■ 1. MECO's Motion to Disqualify the firm of Mayer, Brown & Platt (Mayer, B.) from representing Wold in this action was based on the factual premise that Mayer, Brown & Platt, while representing the Bank in connection with a mortgage from MECO to the Bank, received confidential information concerning MECO that related to this litigation.

No sufficient judicial decision or authority in the field of legal ethics was submitted by MECO to establish that its allegations, even if true, would be grounds for disqualifying Mayer, B. It was clearly established at the hearings and by affidavits submitted by MECO and Wold as well as the deposition testimony of the two Bank officers, that in fact Mayer, B. did not, in representing the Bank, receive any confidential information concerning MECO. Accordingly, MECO and its counsel failed to establish any grounds to disqualify Mayer, B. from representing Wold in these cases.

Accordingly,

MECO's Motion to Disqualify is denied.

■ 2. Based on the affidavits submitted by MECO and the testimony of the two Bank officers in depositions taken by MECO, it is clear that MECO's counsel failed, prior to filing the Motion to Disqualify, to make the "reasonable inquiry" required by amended Rule 11 Fed.R.Civ.P. No personal interviews of knowledgeable witnesses were conducted, and the limited telephone inquiries did not meaningfully address the relevant facts. MECO's attorneys also received information which contradicted the assertions of their motion and which, at the very least, should have put them on notice and given them reason to suspect the accuracy of their own factual assertions and cause them to be investigated further.

3. I find and conclude that MECO's Motion to Disqualify was interposed for improper purposes, namely, to harass opposing counsel, to cause unnecessary delay in this lawsuit and to increase needlessly the cost of this litigation. I further find that MECO's attorney has unreasonably and vexatiously multiplied the proceedings in this case within the meaning of 28 U.S.C. Section 1927.

4. Rule 11, as amended, requires that an attorney who signs a document filed in this court, whether a pleading, motion or other paper, certify that to the best of his knowledge, information and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose such as to harass, cause delay or needlessly increase litigation expenses of the opponent.

Rule 11 requires the court, upon finding a violation of this Rule, to impose upon the person who signed the paper, a represented party, or both, an appropriate sanction which may include an order to pay to the other party the reasonable expenses incurred because of the improper filing including a reasonable attorney's fee.

I find that MECO's attorneys have violated Rule 11 and that I am compelled by that Rule to impose appropriate sanctions. I further find and conclude that this is an

appropriate case in which to invoke 28 U.S.C. Section 1927 and the inherent powers of this court to regulate the conduct of attorneys who practice here.

IT IS THEREFORE ORDERED that the law firm of Fishman, Gersh & Bursiek, counsel for MECO, pay the reasonable expenses of Mr. Wold incurred because of the filing of MECO's Motion to Disqualify Mayer, Brown & Platt, including a reasonable attorney's fee.

IT IS FURTHER ORDERED that payment of these expenses shall not be reimbursed directly or indirectly from the funds, assets or resources of MECO itself.

Within five days of the date of this order, Mr. Wold shall submit to Fishman, Gersh & Bursiek an itemized statement of the foregoing expenses with reasonable detail in support thereof. Unless specific objections are filed with this court, subject to the strictures of Rule 11, the firm of Fishman, Gersh & Bursiek shall pay to Mr. Wold, through his counsel, the sum of those reasonable expenses within ten days of the date the itemization is received.