Peter **WEISMAN, et al., Plaintiffs,**

v.

Lewis A. **RIVLIN, et al., Defendants.**

Civ. A. No. 84–2614.

United States District Court, District of Columbia.

Nov. 29, 1984.

Philip J. Hirschkop, Bernard J. DiMuro, Alexandria, Va., for plaintiffs.

Philip L. Cohan, Michael A. Schlanger, John R. Metz, Washington, D.C., for defendants Rivlin and New Venture Capital Corp.

John T. Coyne, Washington, D.C., for defendant Peabody, Lambert & Meyers.

### MEMORANDUM

GESELL, District Judge.

This case is before the Court on the motion of defendants Rivlin and New Venture Capital Corporation to impose sanctions on plaintiffs under Rule 11 of the Federal Rules of Civil Procedure for filing the complaint in this case when on its face it disclosed a lack of diversity jurisdiction. After dismissing the complaint, the Court heard the arguments of counsel with respect to sanctions and has considered the entire record herein.

■ The complaint, filed on August 24, 1984, stated only state-law causes of action against the defendants. It claimed federal jurisdiction on the basis of diversity of citizenship, 28 U.S.C. § 1332. It is long settled that diversity must be complete between opposing sides. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). The complaint on its face showed that diversity was not complete: both plaintiff Chromotech, Inc., and defendant New Venture Capital Corporation were each incorporated in Delaware and thus were citizens of that state.

Defendant Peabody, Lambert & Meyers, P.C., moved on October 2, 1984 to dismiss the action for lack of diversity. On October 23, 1984, defendants Rivlin and New Venture moved separately to dismiss and for Rule 11 sanctions.[1] On October 25, 1984, the Court, ruling on the Peabody, Lambert motion, dismissed the entire case for lack of jurisdiction. The Court subsequently denied plaintiffs' motion to reinstate the complaint by dropping the non-diverse defendant when it appeared the non-diverse defendant was a necessary party.

■ Fed.R.Civ.Pro. 11, as amended in 1983, provides in relevant part:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order

1. Defendant Peabody, Lambert did not join in the motion for sanctions.

to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

As the Advisory Committee notes to the amended rule make clear, the focus of the rule has shifted from the "good faith" of the attorney or party signing the paper to the necessity of that person to make an objectively "reasonable inquiry" into the factual and legal basis of the paper before filing it. *E.g., Zaldivar v. City of Los Angeles*, 590 F.Supp. 852, 856 (C.D.Cal. 1984). If it appears to the court upon hearing that the pleading is not well grounded in fact or law and that there was no reasonable inquiry made before filing, the court is required to impose a sanction without regard to whether the failure was willful or inadvertent.[2]

■ At the hearing on this motion, it became clear that plaintiffs' counsel made a mistake in overlooking the jurisdictional problem in the complaint. Counsel asserted that he had assumed his client Chromotech was incorporated in Maryland, where it was headquartered, and did not learn of the Delaware incorporation until the last minute. The significance of the Delaware incorporation was noticed by no one, including defendant Rivlin, who was given a copy of the complaint a week before it was filed. The matter was not brought to the plaintiffs' attention until Peabody, Lambert filed its motion on October 2.

Under the rule, however, counsel's mistake cannot excuse the failure. Counsel advised the Court that he had considered and rejected making federal-law claims in the complaint. Since the only basis for federal jurisdiction was then to be diverse citizenship, he had an obligation to make a reasonable inquiry into the basis for diversity. The Court finds that it was not reasonable to overlook the citizenship of counsel's own client, especially when prior to filing, defendant Rivlin as part of settlement discussions urged that the non-diverse defendant New Venture not be named because of the effect on its financial credit.

Accordingly, the Court is obliged to impose a sanction. The issue now is the amount appropriate.

■ Rivlin and New Venture invoke that portion of Rule 11 providing that an appropriate sanction "may include ... the amount of the reasonable expenses incurred because of the filing ... including a reasonable attorney's fee." They thus seek reimbursement from plaintiffs or plaintiffs' counsel of their entire attorney fees incurred in litigating this case. That includes 32.45 hours, totaling $3,679.25, for "responding to the complaint, including familiarization with the background of the litigation and the evaluation of potential counterclaims." It also includes another 41.35 hours, totaling $4,179.50, for responding to plaintiffs' motion to reinstate. There are several reasons the Court regards these amounts as excessive and inappropriate.

First, the hours claimed far exceed the amount of time that should have been necessary to file a pleading responding to the complaint to dispose of the diversity issue. Counsel for Rivlin and New Venture did not enter the case until October 11, after Peabody, Lambert had already filed its motion to dismiss on the same grounds. A few hours at most would have sufficed to prepare a similar motion.

Second, the rule requires that the work expended be causally linked to the improperly filed paper; here, much of the work was linked to learning background and meeting the plaintiffs' motion to reinstate rather than disputing jurisdiction under the original complaint.

Third, the motion for sanctions asserts that "the most severe sanctions" should be imposed because the complaint is wholly

---

**2.** The old rule made sanctions optional, and then only upon a finding of a "willful violation" of the rule. In addition, neither the rule nor the cases made clear to what extent the attorney was obligated to investigate the legal and factual basis of his client's case before signing. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1333 at 499–500 (1969).

lacking in merit and was filed only for purposes of "extortion" and "defamation." While the Court cannot be drawn into assessing the merits of the present litigation, it is clear that the strongly worded allegations of the motion are undercut by the actions of defendant Rivlin himself, who made offers of settlement before the lawsuit was filed.[3]

Given all the circumstances, including the fact that there was a showing of negligence but not willfulness in plaintiffs' action here, the Court finds that the appropriate sanction is $200, to be paid by plaintiffs' counsel [4] to the moving parties.

---

**3.** In addition, Rivlin, an experienced attorney, gave no informal notice to plaintiffs of the jurisdictional defect in their complaint although he continued to negotiate with plaintiffs' counsel until the motions to dismiss were filed.

**4.** While it is appropriate in some cases to assess the sanction against the represented party, par-

ticularly where the party has withheld the relevant information from his counsel, the Court believes it more appropriate here to assess the attorney who signed the defective complaint. On the evidence before the Court, that is where the fault lies.