COBURN OPTICAL INDUSTRIES,
INC., Plaintiff,

v.

CILCO, INC., Defendant.

No. C–84–734–D.

United States District Court,
M.D. North Carolina,
Durham Division.

May 22, 1985.

McNeill Smith of Smith, Moore, Smith, Schell and Hunter, Greensboro, N.C., for defendant.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, Chief Judge.

This matter comes before the Court on plaintiff's Motion and Brief for Attorney's Fees (March 11, 1985) and defendant's Combined Opposition to Plaintiff's Motion for Attorney's Fees and Cross Motion for Attorney's Fees and Costs (April 1, 1985). Both parties seek the imposition of attorney's fees and costs against their opponent pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. The Court will grant the plaintiff's motion in part and deny it in part and deny the defendant's motion. The Court on its own motion will award attorney's fees and costs to the plaintiff incurred in defending defendant's cross motion for attorney's fees.

This civil action for patent infringement was commenced by a Complaint filed on August 6, 1984. Plaintiff alleged venue in this Court under 28 U.S.C. § 1400(b).[1] The plaintiff, based on its information, believed that (1) defendant has a regular and established place of business in this district and (2) defendant has committed acts of infringement in this district, notably Sanford, North Carolina, by "making, having made, selling and using" the patented intraocular lens at issue in this case.

Defendant filed a motion to dismiss or transfer on September 26, 1984. In this motion and its supporting affidavits, defendant admitted that it has a regular and established place of business in this district. Defendant also admitted to making intraocular lenses, particularly known as the Freeman lens, which are similar to the lenses covered by the patent in issue. However, the defendant expressly and

Daniel W. Fouts and Larry I. Moore of Adams, Kleemeier, Hagan, Hannah & Fouts, Greensboro, N.C., and Herbert Cohen & George C. Myers, Jr. of Wigman & Cohen, P.C., Arlington, Va., for plaintiff.

---

**1.** 28 U.S.C. § 1400(b) provides:

Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular place of business.

In defining acts of infringement in 35 U.S.C. § 271, Congress has stated, "whoever without authority *makes, uses or sells* any patented invention, within the United States during the term of the patent, infringes the patent." (emphasis added).

strenuously denied *ever making or using* Freeman lenses in its manufacturing facility in this district. Defendant claimed that these lenses were made elsewhere and no activity concerning them was conducted in Sanford.

Faced with the defendant's motion and supporting affidavits, the plaintiff was left in a difficult position; if it did nothing its complaint would likely be dismissed or the case transferred. The plaintiff opted to further investigate facts, previously presented to the Court as accurate, by deposing corporate personnel of the defendant. This rather lengthy investigation revealed that a number of Freeman lenses were manufactured, to various points of completion, in this district. After this revelation the defendant changed the tenor of their motion and suddenly recognized that there was activity concerning the Freeman lenses in this district. *See* Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss or Transfer for Improper Venue (Jan. 8, 1985). However, at no time did the defendant abandon its initial position and allegations except impliedly by altering its argument. In its reply brief defendant erected a novel legal argument stating that the "making" in this district was not really a "making." [2] The defendant also requested that the Court allow oral argument on their initial motion.

On February 22, 1985, the Court heard oral argument on defendant's motion. At the outset the Court expected to hear argument concerning the lack of patent venue. To the surprise of the Court and opposing counsel, the position that patent venue was improper had all but disappeared. Defendant's lead counsel basically conceded that

venue existed. The primary focus of defendant's oral argument was that the case should be transferred under 28 U.S.C. § 1404. Defendant had practically hidden this argument in its motion to dismiss or transfer and its reply. The scintilla of attention to the § 1404 argument was a brief line in a reply brief and perhaps an inference that could be drawn from the title of defendant's original motion. The Court, on February 26, 1985, denied the defendant's motion.

After this order the plaintiff filed a motion for attorney's fees and costs. Plaintiff claims that the defendant and its attorneys [3] failed to make a reasonable inquiry of the facts prior to filing its motion to transfer or dismiss for improper venue, failed to promptly apprise the Court and the plaintiff of facts relevant to the venue question once they became known to the defendant and its attorneys, and continued to press their motion to dismiss for improper venue after discovering facts which rendered defendant's position untenable. The defendant denies these allegations and to exemplify aggressive lawyering has filed their own motion seeking attorney's fees and costs, contending that plaintiff's motion for fees is frivolous.

Rule 11 was amended in 1983 to expand *significantly* the responsibility imposed on attorneys when they sign pleadings or motions. [4] *See generally* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1333 (Supp.1985). Rule 11 provides that the signature on a motion or pleading constitutes a certificate that the signer has read the document and

---

**2.** The defendant contended that in order to have a making, and therefore an act of infringement, under 35 U.S.C. § 271 the item must reach a point of *total* completion. Under this argument the quantity of work performed at a particular place has nothing to do with the question of whether the item was made there. This argument barely falls within Rule 11's allowance for the creative pursuit of legal theories extending existing law. Were it not for the paucity of law defining the simple term "make" the Court would impose sanction on counsel for advancing this legal theory, especially after the de facto

abandonment of this argument at oral argument.

**3.** Out of state counsel had associated themselves with local counsel pursuant to Local Rule 103.

**4.** Widespread concern over frivolous litigation and abusive practices of attorneys led to the amendment in 1983 of Rule 11. *See, e.g., Roadway Express Inc. v. Piper,* 447 U.S. 752, 757 n. 4, 100 S.Ct. 2455, 2459 n. 4, 65 L.Ed.2d 488, 495 n. 4 (1980).

that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

"Rule 11 in substance requires the signing lawyer or party to certify that on the basis of a reasonable factual *prefiling* inquiry he is informed and believes that the paper has a factual *and* legal basis *and* that it is not interposed for delay." Schwarzer, *Sanctions Under the New Federal Rule 11—A Closer Look*, 104 F.R.D. 181, 186 (1985) (emphasis added). The reasonable inquiry standard holds an attorney to a higher standard of knowing his case than original Rule 11 and provides for a greater range of circumstances to trigger its violation. *See* Advisory Committee Notes, 97 F.R.D. 165, 198 (1983); *see also Golden Eagle Distributing Corp. v. Burroughs Corp.*, 103 F.R.D. 124 (N.D.Calif.1984) (Rule 11 violated when counsel made argument for extension of existing law disguised as one based on existing law). More teeth were put in Rule 11 by its 1983 amendment in order to further discourage "dilatory or abusive tactics" and "to streamline the litigation process by lessening the amount of frivolous matters brought before the federal courts." *Blair v. Shenandoah Women's Center, Inc.*, 757 F.2d 1435 (4th Cir.1985).

[W]hat constitutes reasonable inquiry may depend on such factors as how much time for investigation was available for the signer; whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar.

Advisory Committee Notes, 97 F.R.D. at 199. What constitutes a reasonable inquiry will vary with the nature of the litigation, and the amount and quality of the investigation. *Wold v. Minerals Engineering Co.*, 575 F.Supp. 166, 167 (D.Colo. 1983). The hardship caused by insufficient inquiry to the other side is also important. *See Van Berkel v. Fox Farm and Road Machinery*, 581 F.Supp. 1248, 1251 (D.Minn.1984). Whether counsel's failure to conduct a reasonable inquiry of the facts was willful or inadvertent is not relevant. *Weisman v. Rivlin*, 598 F.Supp. 724, 726 (D.D.C.1984).

▇▇▇ Defendant and its lead counsel's investigation into the defendant's manufacturing activity in this district falls short of being a reasonable inquiry. With four manufacturing facilities in the United States it would seem to strain reason to find that the defendant and its counsel did not know or could not have discovered *on their own* what had been done with reference to the lenses in this district. Certainly, accurately determining the facts pertinent to the patent venue issue may have taken some time. However, the defendant and its attorneys chose to make only a cursory investigation of these facts in the two months between the filing of plaintiff's complaint and defendant's motion to dismiss. Defendant instead chose to present affidavits and make representations to the Court that were inaccurate. Despite an attorney's belief in the statements of his client, he needs facts on which to ground knowledge, information or belief.[5] If all the attorney has is his client's assurance that facts exist or do not exist, when a reasonable inquiry would reveal otherwise, he has not satisfied his obligation.

In this case the defendant erected a rather imposing legal argument based on a foundation of misrepresentations. Only the uncovering of the facts by the plaintiff's diligence illuminated the frivolity of the defendant's initial position. It is clear that an attorney must not omit facts critical to the application of the rule of law relied on by the Court. Here, the plaintiff was required to spend time preparing legal

---

**5.** Rule 11 requires that signing counsel have

requisite "knowledge, information and belief."

arguments defending its position and felt obligated to conduct further investigation in this matter because of the defendant's allegations.

█ The Court feels that the imposition of attorney's fees are in order against the defendant and its counsel. Beyond offering false representations and argument, they propounded them even after shown to be false; this clearly violates Rule 11. To persist in claims or defenses beyond a point where they can no longer be considered well grounded violates Rule 11. *See Nemeroff v. Abelson*, 620 F.2d 339, 350–51 (2d Cir.1980). Although out of state counsel did not sign the motion to dismiss or transfer it would appear that those attorneys prepared these documents and has been lead counsel for the defendant up to this point.[6] It would subvert the purpose of Rule 11 to allow an attorney to hide behind another merely because a local district court rule requires the signature of local counsel. Rule 11 allows the imposition of sanctions against the party responsible for the paper.

█ The Court finds that local counsel must share liability for attorney's fees and costs imposed on defendant and its lead counsel arising from the filing of defendant's motion to dismiss. Local counsel's signature is solely affixed to this motion. Local counsel seemed blindly to follow the commands of its out of state associates who in all probability prepared most, if not all, of the motion. What Rule 11 requires is that the lawyer who elects to sign a paper take responsibility for it, even if that responsibility is shared.[7] Schwarzer, *supra* at 186. It is difficult for a lawyer to disclaim all responsibility for a paper bearing his name. *See Golden Eagle Distributing Corp. v. Burroughs Corp.*, 103 F.R.D. 124 (N.D.Cal.1984). The Court expects local counsel who appear with attorneys not locally admitted to ensure that Local Rules and the Federal Rules of Civil Procedure are followed even when the pleading or motion is not prepared by them. In the instant case local counsel is no doubt far less culpable than out of state counsel and perhaps not at all responsible or liable for the faulty prefiling investigation, concerning the motion to dismiss. However, by local counsel propounding representations and argument in the motion to dismiss, even after shown to be false by the plaintiff's investigation, local counsel's responsibility and liability became akin to its out of state associate. The Court is unable at this time to determine the level of responsibility as between local and out of state counsel in this matter.

[7] Notwithstanding Rule 11 there exists an alternate ground to impose attorney's fees and costs against the defendant's counsel. That ground is 28 U.S.C. § 1927 which provides:

> Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Court finds that defendant's motion to dismiss or transfer was unreasonable, vexatious and caused the proceedings to multiply.

On its own motion[8] the Court finds that the defendant and all of its attorneys should be required to pay attorney's fees

---

**6.** Out of state counsel's name did appear on the motion and other papers.

**7.** Rule 11 makes it advisable for attorneys acting as local counsel to consider the extent to which they can perform the role of a passive conduit consistent with the responsibilities imposed by Rule 11. "Where control of litigation rest with other lawyers, ..., local counsel may be well advised to let one of those lawyers sign papers to be filed." Schwarzer, *supra* at 186. The Court does recognize that local counsel must be able to rely to some extent on the representations of reputable out of state attorneys, especially when local counsel has no independent knowledge concerning the representations.

**8.** The Advisory Committee Notes to Rule 11 state that "[t]he detection and punishment of a violation of the signing requirement, ..., is part of the court's responsibility for securing the system's effective operation."

and costs incurred by the plaintiff to defend against defendant's motion for attorney's fees. Here, local counsel was as aware of the facts supporting this motion as its out of state colleague.

■ An attorney's reasonable belief that a paper is "warranted by law" requires an objective analysis turning on the facts and circumstances of the case, not on the attorney's state of mind. *See SFM Corp. v. Sundstrand Corp.*, 102 F.R.D. 555 (E.D.Ill. 1984).[9] The Court finds that this motion is not warranted by existing law or a good faith interpretation derived from existing precedent and was brought to harass and delay. This motion for attorney's fees was an attempt to best the other side by portraying as frivolous a valid motion of the plaintiff. Obviously, defendant was well within its rights to oppose the plaintiff's motion for fees and costs but defendant's motion for attorney's fees is frivolous and imposed for the purpose of harassment and delay. This request for fees necessitated plaintiff to defend its position through more paper, again needlessly increasing the cost of this litigation. Again, local counsel as well as out of state counsel must pay its way under Rule 11 and 28 U.S.C. § 1927 for the attorney's fees and costs incurred by the plaintiff in defending against defendant's motion for fees and costs.

■ Attorneys are officers of the Court and their first duty is to the administration of justice. An attorney has a professional duty to dismiss a baseless motion or lawsuit, even over client's objection, and to do so promptly on learning that the client's position is without merit. A lawyer shall make reasonable efforts to expedite litigation consistent with the client's interest. Attorneys' attempts to prolong litigation often prove costly and unproductive.

> The lawyer's duty to place his client's interests ahead of all others presupposes that the lawyer will live with the rules that govern the system. Unlike the polemicist haranguing the public from his soapbox in the park, the lawyer enjoys the privilege of a professional license that entitles him to entry into the justice system to represent his client and, in doing so, to pursue his profession and earn his living. He is subject to the correlative obligation to comply with the rules and to conduct himself in a manner consistent with the proper functioning of that system.

Schwarzer, *supra* at 184. If judges turn from Rule 11 and let it fall into disuse, the message will be clear to those inclined to abuse or misuse the litigation process. "Misconduct, once tolerated will breed more misconduct and those who might seek relief against abuse will instead resort to it in self-defense." *Id.* at 205.

To minimize the need for ancillary proceedings and to concentrate emphasis on the material issues in this case, the Court urges counsel to seek to define areas of agreement (such as propriety of time spent, reasonableness of hourly rates, and relative degree of financial responsibility of each person or persons). The Court would direct counsel to Local Rule 210 for guidance in seeking an amenable resolution to these issues. However, if counsel is unable to resolve the amount to be reimbursed and the person or persons financially responsible, the Court will consider appropriate procedures to resolve the issue or issues. The Court would reiterate its desire to get this case moving forward and avoid "satellite litigation;" this case is not a complex case and it has been delayed unnecessarily.

IT IS, THEREFORE, ORDERED that plaintiff's motion for attorney's fees and costs be, and it is hereby GRANTED with respect to fees and costs incurred defending defendant's motion to dismiss for improper venue. The Court on its own motion will impose attorney's fees and costs on defendant and its counsel incurred with reference to plaintiff's defense of defendant's cross motion for attorney's fees.

---

9. "[T]here is no position—no matter how absurd—of which an advocate cannot convince himself." *Wells v. Oppenheimer,* 101 F.R.D. 358, 359 n. 3 (S.D.N.Y.1984).

IT IS FURTHER ORDERED that defendant's cross motion for fees and costs be, and the same hereby is DENIED.