**NASSAU–SUFFOLK ICE CREAM, INC., et al., Plaintiffs,**

v.

**INTEGRATED RESOURCES, INC., et al., Defendants.**

**No. 86 Civ. 1766 (MP).**

United States District Court, S.D. New York.

Dec. 14, 1987.

---

Rosenman & Colin by Gerald A. Rosenberg, Maria Echaveste, New York City, for defendants Integrated Resources, Inc., Integrated Food Systems, Inc., Steve's Ice Cream, Inc. and Steve's Franchise Co., Inc.

Milgrim, Thomajan & Lee, P.C. by Lawrence I. Weinstein, New York City, for plaintiffs and Weinberg and Green, The Chrysler Bldg.

Cohen & Adolph by Alan S. Adolph, New York City, for Kaufman, Caffey, Gilden, Rosenblum & Shaeffer.

## OPINION

MILTON POLLACK, Senior District Judge.

The so-called "Integrated" defendants [1] moved for, and on June 22, 1987, were granted summary judgment in this suit, pursuant to Rule 56 of the Federal Rules of Civil Procedure. 662 F.Supp. 1499.

Jurisdiction had been predicated on federally-created claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, and on principles of pendent jurisdiction as to state-created claims. In its Opinion dated June 22, 1987, however, the Court ruled:

> The RICO claims against the Integrated defendants are therefore dismissed as failing to state a claim upon which relief

---

1. Integrated Resources, Inc., Integrated Food Systems, Inc., Steve's Ice Cream, Inc. and Steve's Franchise Company, Inc.

can be granted. The balance of the allegations against the Integrated defendants, which consists of state statutory and common law claims, is dismissed without prejudice. The state-created claims against the New Steve's defendants are likewise dismissed without prejudice, thus terminating the entire action in this Court.

662 F.Supp. at 1507.

Following the termination of the suit in this Court, the Integrated defendants made the present motion for imposition of sanctions on the plaintiffs under Fed.R.Civ.P. 11. The notice of motion states:

> The motion is predicated on the fact that plaintiffs included in their complaint, and repeated in their amended complaint and further amended complaint, frivolous claims asserting that defendants had violated the antitrust laws, 15 U.S.C. § 1, *et seq.*, which claims were asserted for the improper purpose of harassing all defendants and caused, as a necessary consequence, a needless increase in the cost of litigation.

In the supporting affidavit accompanying the notice of motion, the attorney for the Integrated defendants defined the scope of the motion as follows:

> The Motion is limited to the expenses incurred by the Integrated Defendants in defending against plaintiffs' ill-founded attempts to assert and prove certain antitrust claims. Apparently recognizing that such claims were frivolous, plaintiffs abandoned all antitrust claims in their final pleading, which was denominated "the Second Amended Complaint." The claims were not abandoned, however, until after the Integrated Defendants, among others, had expended substantial time and effort trying to ascertain the factual and legal underpinnings of such claims.

The antitrust claims had been voluntarily abandoned by plaintiffs in their final amended complaint upon a reevaluation of the case following discovery proceedings, which included the depositions of the plaintiffs.

The position of the moving parties is that plaintiffs' counsel could not have conducted an adequate investigation of the facts and law before signing the complaints because the deposition testimony subsequently taken of the plaintiffs was, allegedly, inconsistent with the facts required to support plaintiffs' antitrust claims.

In defense to the application, the plaintiffs contend that the moving parties simply ignore the deposition testimony which was consistent with plaintiffs' antitrust claims and mischaracterize the testimony on which they do rely. The opposing parties further contend that the same witnesses who were deposed had been interviewed before the original complaint was filed and their information formed an appropriate basis on which counsel could reasonably assert antitrust claims against the Integrated defendants. They further claim that the plaintiffs did nothing more than request advice from counsel because they believed, allegedly with apparent justification, that they had been misled by defendants; that the plaintiffs provided to the New York lawyers, who were retained to investigate the facts and file the complaint, the facts as plaintiffs understood them; and that the plaintiffs then accepted the considered advice of the New York lawyers that, on the basis of those facts, they had a right to redress under the antitrust laws.

## DISCUSSION

### The Governing Standard

Rule 11 of the Federal Rules of Civil Procedure provides in pertinent part:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading,

motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

■■■ When it is obvious from the inadequacies of a proposed pleading that plaintiffs' counsel engaged in little or no preliminary factual and legal investigation before filing the proposed pleading, Rule 11 directs the court to impose reasonable costs and attorney's fees against the offending party. *Wrenn v. New York City Health & Hospitals Corp.*, 104 F.R.D. 553, 559 (S.D. N.Y.1985). When a district court finds that an attorney or a party has violated Rule 11, the imposition of sanctions is mandatory. *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 & n. 7 (2d Cir. 1985).

The test is an objective one, no longer requiring a finding of the attorney's bad faith, as was necessary before the 1983 amendment to Rule 11. *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). Sanctions are to be imposed when a competent attorney could not form the requisite reasonable belief as to the validity of what is asserted in the paper. *Oliveri*, 803 F.2d at 1275; *Eastway Constr. Corp.*, 762 F.2d at 253–54. However, "in imposing rule 11 sanctions, the court is to avoid hindsight and resolve all doubts in favor of the signer.... [R]ule 11 is violated only when it is 'patently clear that a claim has absolutely no chance of success.'" *Oliveri*, 803 F.2d at 1275 (quoting *Eastway Constr. Corp.*, 762 F.2d at 254). Mere failure to prevail on the merits does not require the imposition of sanctions. Rule 11 is "not intend[ed] to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *Eastway Constr. Corp.*, 762 F.2d at 254. Effective representation—particularly in difficult cases—should not be inhibited.

If the court determines that a pleading fails the *Eastway* standard, then it must decide whether the attorney conducted a reasonable inquiry such that his mistaken belief as to the validity of the complaint was reasonable.

[W]hat constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading ...; whether the pleading ... was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar.

Fed.R.Civ.P. 11 advisory committee note.

■■■ When the attorney can obtain the information necessary to certify the validity of the claim in public fashion and need not rely on the client, the lawyer is obligated to do so. To decide if the attorney may rely solely on the client, the lawyer should determine if knowledge thereof is direct or hearsay and check closely the plausibility of the client's account. *See* Note, *The Dynamics of Rule 11: Preventing Frivolous Litigation by Demanding Professional Responsibility*, 61 N.Y.U.L.Rev. 300, 319–20 (1986). When an attorney must rely on the client, the lawyer should question the client thoroughly, not accepting the client's version on faith alone. *Fleming Sales Co. v. Bailey*, 611 F.Supp. 507, 519 (N.D.Ill. 1985). However, if all the attorney has is the client's assurance that facts exist or do not exist, when a reasonable inquiry would reveal otherwise, the attorney has not satisfied the obligation of Rule 11. *Coburn Optical Industries, Inc. v. Cilco, Inc.*, 610 F.Supp. 656, 659 (M.D.N.C.1985).

*Movants' Allegations*

The moving parties assert that during the initial Court-ordered discovery, plaintiffs produced thousands of pages of documents and defendants took the depositions of the four individuals identified by plaintiffs as their probable trial witnesses. Deposition of the plaintiff Bernard Rodin was conducted by defendants' counsel for

four days without being completed; eleven hundred pages of deposition transcript were transcribed; sixty-two documents, running to hundreds of pages, were marked as exhibits.

At the end of this initial phase of discovery, defendants, in a premotion conference with the Court, indicated the desire to move for dismissal against the then-outstanding amended complaint. During the summer of 1986, all but one of the defendants filed answers to that complaint. The remaining defendant filed a motion to dismiss.[2]

In the fall of 1986, plaintiffs decided to alter the thrust of their case and sought leave to file an amended pleading, their Baltimore lawyer stating, "We have concluded that the antitrust allegations should be dismissed." On or about March 3, 1987, plaintiffs filed their so-called "Second Amended Complaint," which did not contain any antitrust claims and sought relief only from the Integrated defendants and the "New Steve's" defendants.[3] It was this final amended complaint which was dismissed in the Opinion dated June 22, 1987, incorporated in a judgment dated June 30, 1987.

The moving parties point out that the three antitrust claims against them prior to the amendment of the complaint, which followed the discovery proceedings mentioned above, included claims of illegal tying arrangements, illegal price fixing and additional restraints of trade. The Integrated defendants complain that they were forced to investigate the factual predicates and the legal theories that might have supported such claims. They acknowledge that it was by no means clear at the outset that, without substantial defense work, the claims would fall of their own weight.

For the services of a law firm partner specializing in antitrust law, who was brought into the case primarily because of the antitrust claims, the moving parties seek reimbursement from the plaintiffs in the amount of $33,243.00.

*The Response to the Motion*

Plaintiffs' counsel assert that the plaintiffs and their counsel had a reasonable basis initially to assert antitrust claims against the Integrated defendants. They point out that by selective quotation of the testimony of one of the plaintiffs and omission to refer to another of the witnesses the moving parties give a distorted view of the inquiry which preceded the filing of the original complaint and the reasonableness of asserting, on the totality of the information obtained by the plaintiffs and their attorneys, that violation of the antitrust laws was indicated. Thus, it is indicated that there was indeed basis for a claim of price fixing and a claim of an illegal tying arrangement insofar as concerned the Integrated defendants. It should be recalled that much of the underlying information which was significant and possibly explanatory was in defendants' possession.

The opposing papers indicate that competent associate counsel to the New York attorneys, a recognized authority on antitrust laws, played the principal role with regard to the antitrust aspects of plaintiffs' pleadings; that Byron E. Fox, the counsel referred to, assured Baltimore counsel for the plaintiffs that both Fox and his wife, a well-known antitrust Professor at New York University Law School, had reviewed the antitrust allegations contained in the complaint and the information reasonably available to plaintiffs aside from what the defendants were in possession of and believed those allegations were appropriate and consistent with the facts. The plaintiffs point out that the Integrated defendants do not assert that plaintiffs fabricated testimony or necessary facts or reached any conclusions as to the cause of their injuries which a reasonable layman would

---

**2.** After answering, another defendant filed a motion for summary judgment. The moving parties claim that the other defendants were also preparing dispositive motion papers.

**3.** The New Steve's defendants are Steve's Homemade Ice Cream, Inc., Andal Corp., Richard Smith and Seymour Deutsch. The Second Amended Complaint dropped all claims against the so-called "Supplier" defendants—C.H. Babb Co., Inc., Wasserstrom Company and Worcester Quality Foods, Inc.

not have reached. As laymen, the plaintiffs themselves could hardly have been expected to draw the complicated conclusions that our judicial system requires of members of the bar.

While the Integrated defendants perceive as the only explanation for the removal of the antitrust claims from the final amended complaint that plaintiffs knowingly and willfully asserted frivolous claims for the improper purpose of harassing these defendants, the plaintiffs point to other reasons. The antitrust claims were dropped after the prolix depositions conducted by the defendants mired down the progress of the litigation and the desire to come to grips with the underlying grievance that resulted in severe losses to plaintiffs. The plaintiffs were being delayed by the lengthy pretrial activity and claim to have incurred huge losses in the enterprise, were incurring substantial legal bills which were adding to their losses, and apparently came to a business judgment that their in-Court claims could and should be streamlined and could be focussed more narrowly, without the benefit of and regardless of the legal viability of the antitrust claims. Rule 11 was not intended to penalize a business decision reached in the circumstances.

Indeed, it has not been demonstrated by the moving parties that the extensive discovery proceedings which they engaged in were necessary and not unduly inflated and were not, in reality, a coercive means of driving the plaintiffs away from litigating antitrust violations as an additional substantial cause of the losses that they had suffered.

The position of these defendants in the enterprise was vastly different from that presented regarding C.H. Babb Co. Inc.—a rank outsider—in the motion for sanctions considered previously. *See Nassau–Suffolk Ice Cream, Inc. v. Integrated Resources, Inc.*, 114 F.R.D. 684 (S.D.N.Y. 1987).

## CONCLUSION

The Court finds that the moving parties have not shown the absence of reasonable inquiry by plaintiffs' counsel or that the antitrust claims were asserted by plaintiffs or their counsel for an improper purpose or that an insufficient explanation has been made by plaintiffs and their counsel to render Rule 11 applicable to these circumstances. On the showing made and the factual predicates reasonably available to a plaintiff in advance of discovery proceedings, it appears that a competent attorney could form the requisite reasonable belief of the validity of the assertions against the Integrated defendants. Since all doubts thereof are to be resolved in favor of the signer of the complaint, it cannot be said that the claims were, as a matter of law, frivolous, nor that they patently had no chance of success. Any mistaken belief of their sufficiency has been reasonably explained.

Candor toward the Court is an essential to the applicability of Rule 11 sanctions. In view of the bowdlerized recital by the moving parties of the deposition testimony to make a point which the full testimony does not support and to indicate that the antitrust charges against these particular defendants were frivolous and without reasonable support, the good faith of the application for Rule 11 sanctions stands seriously in doubt. These circumstances might in some circumstances warrant consideration of imposing costs against applicants and their attorneys, certainly in the minimal amount of the stenographic and copying costs unnecessarily and unreasonably occasioned. Rule 11 is a two-way instrument— it may not be employed for harassment of opponents on expurgated and questionable submissions based on deficiencies of disclosure or other impropriety.

The subject of sanctions is a "distasteful" one for any court. *Oliveri*, 803 F.2d at 1271. However, Rule 11 places an obligation on every court to deter future misuse of the judicial process, by sanctioning those who forsake their obligation within the purview of that Rule and seek to harass opponents no matter on which side of the litigation the offending party is located.

Under all the facts and circumstances, the motion for sanctions is, in all respects, denied.

So Ordered.