## CIRCUIT COURT OF FAIRFAX COUNTY

Arcola Industrial Park
Joint Venture

v.

William L. Bryant

August 1, 1989

Case No. (Law) 73019

By JUDGE JACK B. STEVENS

This matter has been before the Court on the defendant Bryant's Motion for Sanctions pursuant to § 8.01-271.1, Code of Virginia (1950), as amended, the Court having denied the plaintiff's Motion for Rehearing of the defendant's Motion to Strike granted at the conclusion of the plaintiff's case at the trial of this matter.

The Motion for Judgment in this case, a refiling of the original action but including claims for punitive damages, charged the defendant Bryant with breach of a contract of agency, breach of fiduciary duty and fraud, specifically that Bryant had acted as an agent for the plaintiff in selling real estate, had breached his duty to obtain the highest price possible, and had obtained a secret profit by acting as purchaser of the property and assigning his rights as purchaser prior to settlement.

The evidence was clear and convincing that Bryant did not act as agent for the plaintiff. The sale contract itself disclosed that Bryant was the purchaser as Trustee for undisclosed beneficiaries and further disclosed his status as a real estate broker who was sharing in the commission with Robert Bridges, who was plaintiff's agent and a member of the plaintiff joint venture.

The evidence is likewise clear and convincing that Mr. Dansie, the driving force in carrying on this action,

made absolutely no investigation into the facts of this matter prior to suit, even to the extent of inquiring of Bridges, the only member of the joint venture who had dealt with Bryant. Further, after he knew, or should have known, that the allegations against Bryant were without merit, the action was non-suited and refiled claiming punitive damages.

Mr. Balthrop, counsel for plaintiff in this matter, contends that while Dansie may not have personally talked to Bridges, he, Balthrop, did, on at least two occasions and that was sufficient. The problem with this argument is that the testimony of Bridges at the sanctions hearing was that he "begged" the attorneys (Balthrop et al.) not to file suit against Bryant; that he told Balthrop *prior* to suit that Bryant was the *buyer*; that he did *not* ask Bryant to help him find a buyer; that he was *selling* to Bryant as the *buyer*; that he was the *only* one who dealt with Bryant and he always took the position that Bryant was the buyer. He also testified that he, Bridges, received a copy of the assignment of the contract by Bryant *prior* to settlement on the contract and could not understand "what was going on" in claiming Bryant was an agent for the joint venture. Bridges's deposition in 1984 was essentially the same testimony.

Plaintiff argues that § 8.01-271.1, Code of Virginia (1950), as amended, the statutory provision for sanctions, does not apply in this case because it did not become law until July 1, 1987, and is not retroactive in effect. Defendant argues that a failure to amend or withdraw pleadings after becoming aware of the invalidity of its position subjects a party to sanctions.

Federal Rule 11 is the predecessor pattern for Code Section 8.01-271.1, and federal cases applying that Rule constitute precedent for application of the Code section. Both Rule 11 and § 8.01-271.1 apply to "Every pleading, written motion, and other paper . . . [and to] An oral motion made . . . ." It appears to the Court, however, that all writings or motions to which § 8.01-271.1 could apply in the case at bar occurred *before* the effective date of § 8.01-271.1, July 1, 1987. The Second, Fifth, and Seventh Federal Circuit Courts of Appeal have held that Rule 11, in its present form, does not apply to pleadings filed prior to its effective date and does

not require updating pleadings that were not subject to sanctions when filed. *Oliveri v. Thompson*, 803 F.2d 1265, 1274 (2d Cir. 1986); *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 874 (5th Cir. 1988); *Pantry Queen Foods v. Lifschultz Fast Freight*, 809 F.2d 451, 454 (7th Cir. 1987).

Defendant cites *Woodfork v. Gavin*, 105 F.R.D. 100 (N.D. Miss. 1985), and *Coburn Optical Industries, Inc. v. Cilco, Inc.*, 610 F. Supp. 656 (M.D. N.C. 1985), in support of his position. Both *Woodfork* and *Coburn* address motions and documents filed *after* the effective amendment date of Rule 11, August 1, 1983, and are thus not in point to the issue presented here, although they do support defendant's general position concerning updating pleadings. Additionally, *Woodfork* would seem to have been overruled *sub silentio* by *Thomas v. Capital Sec. Services, Inc.*, *supra*.

For the reasons set forth above, the Court denies the defendant Bryant's Motion for Sanctions.