## CIRCUIT COURT OF THE CITY OF RICHMOND

Ralph M. Montecalvo

v.

Virginia Johnson

November 3, 1989

Case No. LM-3679-3

By JUDGE T. J. MARKOW

This case is now before the court on the defendant's motion for sanctions against the plaintiff and his attorney after trial resulting in a jury verdict for the defendant.

At trial, the evidence established that the defendant was an inspector for the Virginia Department of Social Services. She and her supervisor went to a residence occupied by plaintiff to determine whether he was operating an unlicensed home for adults. Plaintiff refused the inspectors admission without a search warrant.

After consulting with the Department's counsel, the supervisor and defendant then went to a local magistrate to obtain the issuance of the search warrant. Defendant's sole role was to accompany her supervisor to the magistrate's office.

A warrant was issued and given to a police officer for execution. Even though not requested, the magistrate also issued an arrest warrant charging the plaintiff with interfering with the defendant in the discharge of her duties. The plaintiff was arrested on the warrant. The warrant stated that it was being issued on the sworn statement of the defendant. All the evidence at trial refuted this statement. All witnesses, even those called by the

plaintiff, stated that the defendant did not request the arrest warrant, nor did she give the magistrate any information supporting its issuance. Plaintiff successfully defended the charge in the warrant at his trial before the General District Court.

Without any investigation and relying solely upon the information found in the arrest warrant, plaintiff's counsel prepared and filed the motion for judgment charging that the defendant maliciously prosecuted the plaintiff and demanded compensatory and punitive damages.

Plaintiff conducted no investigation nor discovery after the filing of the motion for judgment, notwithstanding being repeatedly told by defense counsel that the information on the arrest warrant was incorrect, that defendant was not the source of. the issuance of the arrest warrant, that she merely accompanied her supervisor to the magistrate's office and to the plaintiff's residence before and after the issuance of the warrant. At trial there was no evidence to the contrary. In fact, all the evidence was that defendant had nothing to do with the issuance of either warrant. The jury required just ten minutes to return a verdict for the defendant. The only reason the case survived the motion to strike was the court's policy against striking the evidence in order to preserve a full record on appeal, which led to its taking the motion to strike under advisement. See *Brown v. Koulizakis*, 229 Va. 524 (1985).

Defendant asks that the court impose the sanctions allowed under Section 8.01-271.1 of the Code of Virginia against the plaintiff and/or his counsel.

Plaintiff argues that in filing his motion for judgment, he was entitled to rely upon the information found in the warrant for its truth. He contends that he was not required to make further inquiry.

An attorney filing a pleading (here the motion for judgment) certifies that:

1. He has read the pleading;

2. He has made reasonable inquiry and that he knows or has reason to believe that the pleading is well-grounded in fact and law; *and*

3. The pleading is not filed for any improper purpose.

See Va. Code § 8.01-271.1. If *any one* of the certifica-

tions is found to be inaccurate, the court is *required* to impose sanctions.

The certifications, including the wrongful purpose clause, are measured by an objective standard. *Harris v. Marsh*, 679 F. Supp. 1204 (E.D. N.C. 1987). So measured, this court is of the opinion that plaintiff was entitled to rely on the information contained in the warrant for the accuracy of the information contained therein as a basis for the preparation and filing of the motion for judgment; however, it is inconceivable on the facts before the court to conclude that plaintiff filed the motion for judgment for a proper purpose.

The only proper purpose for filing the motion for judgment would be to have the trier of fact vindicate plaintiff's position, to support his assertion of rights. How could any reasonable person assume to accomplish this purpose without some investigation into the facts? Here there was no investigation, before or after the filing of the motion for judgment or, if any, was so inept as to produce no evidence at trial which could have supported a verdict.

To file a motion for judgment and do nothing that was reasonably calculated to produce a favorable result leads the court to the inevitable conclusion that the purpose of filing the motion for judgment was not to prevail on the merits but to harass the defendant.

There is also authority for the proposition that one who files a motion for judgment must continually review and re-evaluate his position. *Harris v. Marsh*, 679 F. Supp. 1204 (E.D. N.C. 1987); *Coburn Optical Industries, Inc. v. Cilco, Inc.*, 610 F. Supp. 656 (N.D. N.C. 1985). These cases construe Federal Rules of Civil Procedure 11, which is identical to Virginia Code Annotated, Section 8.01-271.1

Here counsel for the plaintiff was consistently told that defendant did not secure the warrant, did not cause plaintiff to be arrested. Not once did he follow up with investigation or even conduct any discovery. Instead, he subjected the defendant to the expense and emotional trauma of a trial that he could not win. Based on the evidence heard by the court, the evidence did not support any claim against the defendant. Had it been investigated, plaintiff could have avoided the trial and

the great expense and personal trauma imposed upon the defendant.

The purpose of § 8.01-271.1 of the Code is to prevent frivolous law suits such as this. Public policy requires that frivolous law suits not be countenanced. Having found that the suit was filed for an improper purpose and that plaintiff failed in his obligation to investigate, even after filing, both in violation of Va. Code Ann., Section 8.01-271.1, the court has no alternative but to impose sanctions. Sanctions are not favored by this court and are never to be imposed lightly.

Sanctions have several purposes, among the most important of which are compensation of the wronged party, and deterrence. *Brown v. Federation of State Medical Boards of U.S.*, 830 F.2d 1429 (7th Cir. 1987). In this case the fact that many of the defense costs were covered by the Commonwealth is not a factor tending toward mitigation of the amount of sanctions. The Commonwealth should not have to waste taxpayers' money defending frivolous lawsuits, nor should people like the defendant be put through the inevitable trauma and turmoil of defending a frivolous lawsuit.

Plaintiff's attorney is experienced and enjoys a good reputation for professional competence. The court is not aware that he has previously engaged in practices such as found here. The court does not believe that it will require a significant sanctions assessment to further deter him.

Defendant was first represented by the Office of the Attorney General, which accumulated 97.25 hours of time before being relieved of trial responsibility because of a possible conflict when one of the Assistant Attorneys General might be called as a witness. Private counsel was then retained and expended 51.80 hours of time in representing the defendant. Private counsel billed at the rate of $70 an hour and billed $3,575.50. Billing the Attorney General Office's time at that rate would result in billings of $6,807.50, for total billings of $10,383.00. This figure represents a reasonable estimate of the economic losses caused by the filing and prosecution of this frivolous suit.

The court is of the opinion that a sanction of $4,500 would meet the purposes of the law in providing the defen-

dant reasonable compensation and in serving as a deterrent to the plaintiff's counsel and others from filing frivolous suits. Because of the court's findings, and that it has no evidence that plaintiff participated in the frivolous filing and prosecution of this suit, all of the sanctions should be paid by counsel for the plaintiff rather than by the plaintiff.