### In re Sandra Ann REID, Debtor.

### Bankruptcy No. 5–86–00440.

United States Bankruptcy Court,
D. Connecticut.

Nov. 1, 1988.

---

Edward F. Kunin, Bridgeport, Conn., for movants, Raymond E. Blank, Trustee, and Miriam B. Blank Profit Sharing Plan.

1. Bankruptcy Rule 9011(a) tracks Rule 11 of the Federal Rules of Civil Procedure. Accordingly, decisions which construe Rule 11 are useful in analyzing Rule 9011(a). *In re D.C. Sullivan Co.,*

Richard E. Greenspan, Berlin, Conn., for debtor.

## MEMORANDUM AND DECISION ON SANCTIONS UNDER BANKRUPTCY RULE 9011(a)

ALAN H.W. SHIFF, Bankruptcy Judge.

Bankruptcy Rule 9011(a) requires that sanctions be imposed upon an attorney who advocates a position even though it is "patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands...." *Eastway Const. Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985), *cert. denied,* — U.S. ——, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987).[1] For the reasons which follow, the debtor's counsel, Richard E. Greenspan, is sanctioned under that rule.

I.

### BACKGROUND

On June 24, 1986, the debtor filed a petition seeking relief under chapter 13 of the Bankruptcy Code. On July 16, 1986, she filed a plan which she thereafter withdrew. On December 31, 1987, Raymond E. Blank, Trustee, and Miriam B. Blank Profit Sharing Plan (the movants), holders of second and third mortgages on the debtor's residence, filed a motion to dismiss the case, contending, *inter alia,* that no plan was pending, delay was prejudicial to them, and the debtor had failed to make agreed payments on their mortgages.

On March 16, 1988, the debtor filed a First Amended Chapter 13 Plan, which was followed by a Second Amended Chapter 13 Plan on April 27, 1988. At an April 28, 1988 hearing on the movants' reclaimed motion to dismiss, the debtor bargained for an opportunity to sell her residence and use the proceeds to fund a third amended plan. The movants agreed, and their motion was not heard on the express condition that the debtor file a third amended plan under

*Inc.,* 843 F.2d 596, 598 (1st Cir.1988) ("... Rule 11 jurisprudence is largely transferable to Rule 9011 cases....").

which she would have until July 1, 1988, to sell her residence, or it would be auctioned in court on August 24, 1988.

On May 5, 1988, the debtor filed a Third Amended Chapter 13 Plan (the plan), which provided in part:

1. *Funding of Plan*

....

(b) *Sale of Residence.* The Debtor shall offer the Debtor's Residence for sale and shall enter into a binding contract for sale prior to July 1, 1988 for an amount at least sufficient to pay all secured claims provided for under this Plan. Such contract shall be unconditional on or before July 1, 1988, provide for a cash sale on or before August 23, 1988 and stipulate that time is of the essence. Pursuant to authorization of the court, the debtor shall sell the Residence free and clear of all liens and such liens shall attach to the proceeds of the sale. *The closing for the sale shall take place no later than August 23, 1988.*

(c) If the closing for the sale of the residence does not take place by August 23, 1988, *the Debtor shall sell the Residence at Public Auction on August 24, 1988* at the United States Bankruptcy Court in Bridgeport, Connecticut. Advertising for such sale shall reserve to the Debtor the right to withdraw the Residence from Public Auction and sell the Residence by private sale at any time prior to August 24, 1988.

(emphasis added).

The plan was signed by the debtor, but not by Greenspan as required by Rule 9011(a).[2] On May 11, the plan was confirmed, and Greenspan was directed to prepare a proposed confirmation order. When

he neglected to follow that instruction, movants' counsel submitted an order which entered on July 29, 1988.

The debtor did not sell her property by July 1, nor did she or Greenspan appear for the public sale on August 24. Instead, on August 15, Greenspan filed the Debtor's Request to Modify Third Amended Chapter 13 Plan under Code § 1329(a)[3] to extend the date by which the debtor's property was to be sold. The reason advanced by Greenspan was that on June 9, the First Bristol County National Bank commenced an action against the debtor in state court and obtained an attachment against the debtor's residence. According to Greenspan, it was therefore necessary to further amend the plan so that it would be binding upon the Bank. On August 16, when it had become apparent to the movants that the debtor would not comply with the order to sell her property, the instant motion was filed, requesting dismissal of the case and Rule 9011(a) sanctions against the debtor or Greenspan.[4]

A hearing was scheduled for September 26, and memoranda were ordered. Movants' counsel timely filed a memorandum; Greenspan did not. Instead, on September 23, nine days after his memorandum was due, Greenspan filed an "objection" to the movants' motion, and on September 26, the date of the hearing, he filed a motion to dismiss the debtor's case.[5]

## II.

## DISCUSSION

### A.

### Jurisdiction

■ The debtor's motion to dismiss does not extinguish this court's authority to im-

---

**2.** Bankruptcy Rule 9011(a) requires an attorney of record to sign such papers as a chapter 13 petition "in the attorney's individual name...." Papers not signed in accordance with the Rule "shall be stricken...." This issue was not raised at the confirmation hearing.

**3.** Code section 1329(a) provides for modification "[a]t any time after confirmation of the plan but before the completion of payments under such plan ... to—(1) increase or reduce the amount of payments ...; (2) extend or

reduce the time for such payments; or (3) alter the amount of the distribution to a creditor...."

**4.** No evidence has been presented to the court that the debtor violated the rule. Also, at oral argument, the movants made it clear that their motion for sanctions was directed at Greenspan.

**5.** Code section 1307(b) provides in pertinent part: "On request of the debtor at any time ... the court shall dismiss a case under this chapter."

pose sanctions under Rule 9011(a). To hold otherwise would nullify the purpose of that rule by permitting parties or their counsel to file with impunity papers that were groundless in fact, unwarranted by existing law, or for an improper purpose. Accordingly, I conclude that this court retains jurisdiction to impose sanctions under Rule 9011(a).

## B.

### Imposition of Sanctions

 Bankruptcy Rule 9011(a) provides in relevant part:

**Signature.** Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney ..., shall be signed by at least one attorney of record in the attorney's individual name, whose office address and telephone number shall be stated.... The signature of an attorney ... constitutes a certificate that the attorney ... has read the document; that to the best of the attorney's ... knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

The rule imposes an affirmative duty on attorneys to conduct a reasonable inquiry into the validity of a motion before it is signed. *See Motown Productions, Inc. v. CACOMM, Inc.*, 849 F.2d 781, 784 (2d Cir. 1988); *Eastway Const. Corp., supra*, 762 F.2d at 253. What constitutes a reasonable inquiry is judged by an objective standard,

and may depend on factors such as how much time was available to the signer for investigation and the plausibility of the signer's view of the law. *See Motown Productions, Inc., supra*, 849 F.2d at 784; *Eastway Const. Corp., supra*, 762 F.2d at 253; Fed.R.Civ.P. 11, Notes of Advisory Committee on Rules. While doubts must be resolved in favor of the signer, the rule has been violated if it is clear that under existing precedent a claim has absolutely no chance of success and no reasonable argument can be made to change the law. *See Motown Productions, Inc., supra*, 849 F.2d at 785; *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir.1986), *cert. denied* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987); *Eastway Const. Corp., supra*, 762 F.2d at 254. Further, sanctions are mandatory when the rule has been violated. In sum, Rule 9011(a) punishes "only those who would manipulate the federal court system for ends inimicable to those for which it was created." *Eastway Const. Corp., supra*, 762 F.2d at 254.

### 1. *Failure to Comply with the Plan*

 The movants argue that Greenspan filed the plan as a means of defeating their motion to dismiss and that there was never any intention of selling the property. Although the absence of Greenspan's signature on the plan and his failure to comply with this court's instruction that he file a proposed confirmation order lend a degree of support to that argument, Rule 9011(a) sanctions are not available against an attorney who does not sign the allegedly offending document. *See Motown Productions, Inc., supra*, 849 F.2d at 784 ("... Rule 11 applies only to the *signing* of a 'pleading, motion or other paper.'" (emphasis in original)); *Oliveri, supra*, 803 F.2d at 1274 ("Rule 11 applies only to the initial signing of a 'pleading, motion or other paper'.").

### 2. *Motion to Modify the Plan*

 The August 15, 1988 motion to modify is another matter. Here Greenspan did sign, and although he relies on § 1329(a), his argument is transparent.

Greenspan's motion asserts that the debtor should be relieved from the selling schedule because the Bank's attachment was placed on the property after his plan was confirmed, and she could not sell free and clear of that lien. It is, however, beyond peradventure that the Bank's attachment, placed on the property in conjunction with a post petition complaint against the debtor, is void as a matter of law. *See* 11 U.S.C.A. § 362(a) (West 1979 & Supp.1988); *Kalb v. Feuerstein,* 308 U.S. 433, 443, 60 S.Ct. 343, 348, 84 L.Ed. 370 (1940); *Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.),* 754 F.2d 811, 816 (9th Cir.1985); *In re Albany Partners, Ltd.,* 749 F.2d 670, 675 (11th Cir.1984); *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir.1982); *In re Advent Corp.,* 24 B.R. 612, 614 (1st Cir. BAP 1982); *United States Lines, Inc. v. GAC Marine Fuels Ltd. (In re McLean Industries, Inc.),* 76 B.R. 291, 295 (Bankr. S.D.N.Y.1987); *Organized Maintenance, Inc. v. Ford (In re Organized Maintenance, Inc.),* 47 B.R. 791, 793 (Bankr.E.D. N.Y.1985), *vacated on other grounds,* 69 B.R. 298 (E.D.N.Y.1987); 2 *Collier on Bankruptcy* ¶ 362.11, at 362–71 (15th ed. 1987). Greenspan states that he received notice of the Bank's action on July 27, approximately one month before the August 24 auction date. One month was more than enough time for Greenspan to perform the minimal research it would have taken to become acquainted with the applicable law. His claim under existing law stood no chance of success, and he advanced no argument that the law should be changed.

Moreover, Greenspan's asserted reliance on Code § 1329(a) lacks candor. Code § 1329(a), which permits a debtor to modify a plan after confirmation, is not, contrary to Greenspan's argument, intended to relieve a debtor from the obligations of an agreement and a court order entered in accordance therewith. To hold otherwise would allow a debtor to unilaterally rescind an agreement and disregard a stipulated order entered thereon. *U.S. v. New England Teamsters & Trucking Ind. Pen.,* 737 F.2d 1274, 1278 (2d Cir.1984) ("A party is not entitled to withdraw from its agreement unilaterally."); *Joy Technologies, Inc. v. Sullivan Machinery Co. (In re Sullivan Machinery Co.),* 79 B.R. 523, 525–26 (Bankr.D.Conn.1987).

As noted, the movants agreed to defer action on their motion to dismiss upon the express agreement of the debtor, acting through Greenspan, to sell the property no later than August 24, 1988. An order entered in recognition of that agreement. Greenspan's August 15, 1988 motion for an extension of the deadline repudiated that agreement and defied the order, which in effect insured the delay he sought to impose upon the movants. As a consequence, the movants were not and still have not been paid, and they were and will be put to further expense to enforce payment on their notes.

The argument advanced by Greenspan in his September 23 objection and at the September 26 hearing illuminates the true purpose behind his motion to extend. He contends that due to a decline in the real estate market, the debtor's equity would be inadequate if she were required to sell the property in accordance with the schedule established by the confirmation order. He therefore decided to delay the sale until a time when market conditions might be more favorable. By that logic, a party is only bound by an agreement so long as it serves his or her purpose; when it no longer does, the party is free to withdraw unilaterally. Greenspan's position is untenable. Even when all doubts are resolved in his favor, it is clear that Greenspan violated Rule 9011(a), for which the imposition of sanctions is mandatory.

### C.

#### Amount of Sanctions

The movants seek $3,398.28 in sanctions: $1,008.78 in interest and $2,389.50 for attorney's fees. The movants measure interest from May 11, 1988, to September 26, 1988, at the rates provided for in the mortgage agreements, arguing that the case would have been dismissed on May 11 if Greenspan had not agreed to sell the prop-

erty on August 24. The movants calculate attorney's fees from the April 28, 1988 hearing on the motion to dismiss through the September 26, 1988 hearing.

 This court, however, will allow sanctions only to the extent of expenses or costs incurred as a result of the filing of the motion to modify on August 15. *See Weisman v. Rivlin*, 598 F.Supp. 724, 726 (D.D.C.1984) ("[T]he rule requires that the work expended be causally linked to the improperly filed paper...."). *See also Eastway Const. Corp. v. City of New York*, 637 F.Supp. 558, 570 (E.D.N.Y.1986), *modified and remanded on other grounds, Eastway Const. Corp. v. City of New York*, 821 F.2d 121 (2d Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987). It is apparent that the movants could not have suffered as a result of the motion to modify before it was made.

"The logical starting point for a determination of attorney's fees is a calculation of the number of hours reasonably expended in responding to the frivolous paper, multiplied by a reasonable hourly attorney's fee based on the prevailing market rate." *Eastway Const. Corp., supra*, 637 F.Supp. at 571. This court finds that the movants' attorney spent approximately ten hours responding to Greenspan's August 15 motion, and that a reasonable rate is $125.00 per hour. Thus, the movants are entitled to attorney's fees of $1,250.00.

The allowance of interest may be appropriate in fashioning a sanction under Rule 9011(a). *See Donaldson v. Clark*, 819 F.2d 1551, 1557 n. 7 (11th Cir.1987); *Davis v. Veslan Enterprises*, 765 F.2d 494, 500–01 (5th Cir.1985). In this instance, I conclude that the movants are entitled to interest representing the loss of use of their money because the sale did not take place as ordered. Accordingly, interest is allowed for the 33 days from August 25, 1988, through September 26. Calculated at the interest rates specified in their motion, the movants are entitled to $241.23.

## CONCLUSION

The Debtor's Request to Modify Third Amended Chapter 13 Plan, filed by Green-

span on August 15, 1988, was improper. There is no evidence that he is such a neophyte that he can reasonably claim ignorance, or that he lacks the resources to be unable to pay this sanction. *See Eastway Const. Corp., supra*, 637 F.Supp. at 571. The motion for Rule 9011(a) sanctions is granted, sanctions against Greenspan are assessed in the amount of $1,491.23, and

IT IS SO ORDERED.