**IN RE: Stephen Baker TURNER, Debtor.**

**CASE NO. 13–33673–BKC–RBR**

United States Bankruptcy Court
Southern District Of Florida
Broward Division

Signed November 3, 2014

Filed November 4, 2014

George Castrataro, Esq., Fort Lauderdale, for Stephen Baker Turner: Debtor.

Todd S. Frankenthal, Esq., Fort Lauderdale, for Anne Beletic: Interested Party.

Alex P. Rosenthal, Esq., Weston, for Design Center of the Americas LLC: Creditor.

1. Amended Summary of Schedules [D.E. 31] and Amended Schedule B [D.E. 32] were filed on March 12, 2014 to reflect an increase in personal property assets from $67,398.46 to $68,898.46 and to reflect $1,500 as the current value of Debtor's interest in Stephen Baker Turner, Inc.

CHAPTER 13

## ORDER GRANTING MOTION FOR SANCTIONS AGAINST THE DEBTOR, *STEPHEN BAKER TURNER, AND HIS COUNSEL, GEORGE CASTRATARO [D–E. 57]*

Raymond B. Ray, Judge United States Bankruptcy Court

THIS MATTER came before the Court for evidentiary hearing on September 5, 2014 upon Design Center of the Americas, LLC's (the "Creditor") Motion for Sanctions [D.E. 57] against Debtor, Stephen Baker Turner, and his counsel, George Castrataro, Esq., the Supplement to the Motion for Sanctions [D.E. 68] (collectively, the "Motion for Sanctions") and the untimely Response [D.E. 70] thereto. After review of the Motion for Sanctions, the Response, the case file, the evidence presented, the applicable law, and being otherwise duly advised in the premises, the Court finds and concludes as follows:

## I. *FINDINGS OF FACT*

On October 1, 2013, the Debtor filed this Chapter 13 Voluntary Petition [D.E. 1]. On October 29, 2013, the Debtor filed a Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income [D.E. 12] ("CMI"), Schedules [D.E. 14],[1] and a Declaration Under Penalty of Perjury [D.E. 15]. The Debtor's Schedules indicates that during the six month period prior to the filing of the bankruptcy, the Debtor's sole source of income was $1,600 monthly "assistance from partner".[2] Contrary to the Debtor's Schedules, the Debtor later testified that the last time he received $1,600 was March 2013.[3] The Debtor's

2. Schedule I, line 13.

3. [Turner Dep. 32:11–33:14].

explanation for his inconsistent statements under oath was that the $1,600 per month was to "fill the gap" if he had insufficient funds to pay his expenses. Then the Debtor's explanation changed during his June 2014 deposition. He stated that the $1,600 was for his health insurance premium (paid by Mr. Cranmer through his health insurance plan), as well as, the automobile payment and insurance premium for a Mini Cooper, which was owned by Mr. Cranmer, but kept in Florida for the Debtor to drive in addition to his Mercedes. Mr. Cranmer never provided any regular or stable income and was under no contractual or legal obligation to provide support to the Debtor.

The Debtor also failed to accurately disclose his expenses on his Schedules. His Schedule J identified only one monthly expense, which was $400 per month for food. The Debtor admitted this was not accurate. The Debtor later testified he had undisclosed living expenses such as gas, entertainment, cable, cell phone, laundry, homeowner's insurance, real estate taxes, homeowner's association expenses and electricity.[4] The Debtor also admitted that he had home repair expenses in the past, but did not include this on his Schedule J. The Debtor made all of these non-disclosures under penalty of perjury.

On January 21, 2014, the Creditor filed a timely proof of claim against the Debtor arising from Debtor's personal guaranty of a debt by a non-debtor commercial tenant. [Claim # 5–2] (the "Claim").[5] On December 19, 2013, the Creditor filed an Objection to the Confirmation of Debtor's Chapter 13 Plan [D.E. 21]. On April 17, 2014, upon the Trustee's Request for Entry for Order Dismissing Case Upon Denial of Confirmation [D.E. 36], this Court entered an Order Denying Confirmation and Dismissing Case [D.E. 37] (the "Dismissal Order"). Subsequently, on April 29, 2014, the Debtor filed an Emergency Motion for Reconsideration of the Dismissal Order [D.E. 39] alleging the existence of evidence not disclosed to the Court that would support the Debtor's future ability to fund the Chapter 13 Plan, specifically the Debtor's reliance on financial support from his partner, Mr. Cranmer. The Court set the Motion for Reconsideration for an evidentiary hearing [D.E. 44] and ordered the production of all documents showing the financial support, including Mr. Cranmer's credit card statements since the Debtor stated an intention to rely on this information to prove he had regular income.

On May 21, 2014, Creditor filed a Notice of Taking Deposition Duces Tecum of Mr. Cranmer [D.E. 45] identifying specific requested documents. At the deposition, Mr. Cranmer testified to transferring money to the Debtor, but neither Mr. Cranmer nor the Debtor produced any documents evidencing such payments.[6] Mr. Cranmer also testified to providing money to the Debtor by allowing the Debtor to be an authorized user on one of his credit cards, but failed to provide copies of the credit card statements as required by Court Order.[7] Mr. Cranmer testified that the Creditor did not have authority over him to require him to bring the requested doc-

---

4. The Debtor testified he paid $1,111.71 for his annual homeowner's insurance and $7,900 in real estate taxes none of which was disclosed in his Schedules. [Turner Dep. 19:23–21:21; 25:16–27:21].

5. The Creditor brought a breach of guaranty action against the Debtor in the 17th Judicial Circuit (CACE 12–009918) and the matter is currently stayed at the summary judgment stage.

6. [Dep. Cranmer 15:20–18:7].

7. [Dep. Cranmer 20:17–21:17].

uments [8] and refused to answer questions about his bank accounts.

At the evidentiary hearing on the Motion for Reconsideration, independent counsel appeared on Mr. Cranmer's behalf and argued that Mr. Cranmer was not a party to the bankruptcy, the Creditor did not properly subpoena him or provide sufficient notice, and Mr. Cranmer was not obligated to produce any documents in the proceeding. Since the Debtor produced no evidence to support the relief sought, the Court denied the Motion for Reconsideration. [D.E. 56]. Following the hearing, the Creditor filed the Motion for Sanctions.

## II. *CONCLUSIONS OF LAW*

■ As an initial matter, the Debtor made an argument that the Court does not have jurisdiction to award sanctions since the case was dismissed. The Court disagrees. Dismissal of a bankruptcy case does not deprive the bankruptcy court of authority to consider a motion for sanctions. *See In re Mattison*, 2010 Bankr.LEXIS 3447 (Bankr.N.D.Ga.2010); *see also In re Whitney Place Partners*, 123 B.R. 117, 120 (Bankr.N.D.Ga.1991) *aff'd* 966 F.2d 681 (11th Cir.1992).

The Court has jurisdiction to award sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011, which provides in relevant part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,—

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. . . .

Fed. R. Bank. P. 9011(b).

■ Sanctions pursuant to Rule 9011(b) "cannot be entered lightly and must be reserved for only those circumstances where pleadings are clearly frivolous and a lack of good faith has been shown." *In re Floyd*, 322 B.R. 205, 215 (Bankr.M.D.Fla.2005) (citing *In re Firnhaber*, 2004 WL 2211686, at *3 (Bankr. S.D.Ill.)). Rule 9011 sanctions serve a dual purpose of deterrence and compensation. *In re CK liquidation Corp.*, 321 B.R. 355 (1st Cir. BAP 2005). When determining the appropriate monetary sanction, the work expended must be causally linked to the improperly filed paper. *In re Reid*, 92 B.R. 21, 26 (Bankr.D.Conn.1988).

■ By filing a bankruptcy petition for a debtor, an attorney is certifying to the best of the attorney's knowledge, information and belief, formed after a reasonable inquiry under the circumstances, that the debtor's eligibility to file a bankruptcy petition has evidentiary support. *See In re Lafeminia*, 2006 WL 980520 at *2–3, 2006 Bankr.LEXIS 630 at *7 (Bankr. M.D.N.C.2006); *see also In re Pettey*, 288 B.R. 14, 23 (Bankr.D.Mass.2003). Rule 9011 places an affirmative duty upon attorneys to make a reasonable investigation of the facts and the law before signing and submitting any petition, pleading, motion, or other paper. *See In re Wingerter*, 594 F.3d 931, 939 (6th Cir.2010). "The pur-

---

**8.** [Dep. Cranmer 22:14–19]

pose of Rule 9011 is to deter unnecessary filings, prevent assertion of frivolous pleadings, and require good faith filings." *Floyd*, 322 B.R. at 215.

▮▮▮ Furthermore, a court may invoke its inherent power to impose sanctions. *See In re Mroz*, 65 F.3d 1567, 1575 (11th Cir.1995) (determining that "the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct" (quotation marks omitted)). A federal court's inherent powers "include the power to control and discipline attorneys appearing before it." *Id.* An attorney subject to sanctions is entitled to due process, which includes "fair notice that his conduct may warrant sanctions and the reasons why," as well as the opportunity to respond. *Mroz*, 65 F.3d at 1575. Subsequently, the court making a finding of bad faith is "the key to unlocking the court's inherent power" to impose sanctions. *In re Porto*, 645 F.3d 1294, 1304 (11th Cir.2011).

▮▮▮ This Court has previously held that "[a] debtor must have 'regular income' sufficient to make payments under a plan" to be eligible for Chapter 13 bankruptcy. *In re Cherry*, 411 B.R. 427, 432 (Bankr. S.D.Fla.2008). While a non-debtor spouse's or other third party's income may be considered for purposes of eligibility for Chapter 13, it must be sufficiently regular and stable. *Id.* However, gratuitous payments by family members do not generally constitute regular income for purposes of chapter 13 eligibility requirements. *See id.*; *see also In re Loomis*, 487 B.R. 296 (Bankr.ND.Okla.2013). Moneys paid to a debtor on an "as needed" basis are by their nature not stable and regular. *See In re Norwood*, 178 B.R. 683, 691 (Bankr. E.D.Pa.1995). A "debtor's 'total failure to provide any credible information concerning his income' precluded a court from determining that either he was an individ-

ual with sufficiently stable and regular income that he was eligible to be a debtor under Chapter 13, or that he was devoting all of his disposable income to payments under the plan." *In re Spurlin*, 350 B.R. 716, 722 (Bankr.W.D.La.2006).

▮▮ This Debtor was never eligible to be a Chapter 13 debtor based on his lack of regular income, which he later admitted under oath. The entire case was premised on the financial support of Mr. Cranmer in an amount of $1,600 per month, yet the Debtor never put forth any evidence to support this allegation. Not only was there no evidence presented that the Debtor received any regular and stable income from Mr. Cranmer, or that Mr. Cranmer was under any obligation to provide financial support, but he admitted that any support provided was on an "as needed" basis. As a result, the Debtor was never an eligible to be a Chapter 13 debtor and his bankruptcy was not filed in good faith. Debtor's counsel was, or certainly should have been, aware of this when the petition was filed and at all times during the pendency of the case.

This case is even more troubling because of the Debtor's lack of candor in his bankruptcy filings while the Debtor and counsel continuously pushed to confirm a plan based on inaccurate information. The Debtor admitted that his Schedules contained material inaccuracies both as to his income and expenses. The Debtor went over his Schedules with Debtor's counsel, who was present at both of the Debtor's depositions where the Debtor admitted to the material misrepresentations in his Schedules and that he had no regular income.

After the Court dismissed the case, the Debtor and counsel continued their frivolous pursuit of the case by seeking reconsideration of the Dismissal Order. The

Debtor's Motion for Reconsideration asserted that dismissal of his Chapter 13 case was improper because "key factual evidence" was not disclosed to the Court as it pertained to Debtor's future ability to pay. The Debtor asserted that the March 2014 deposition contained additional testimony that Creditor's counsel did not disclose to the Court. The Court finds no support for these assertions. The record before the Court shows that there was no basis in law or fact for the filing or prosecution of the Motion for Reconsideration.

The Debtor, with the assistance of his counsel, prepared a Petition and Schedules that were factually inaccurate, and both demonstrated a lack of good faith by persisting in pursuing reinstatement of a case that should not have been filed. Monetary sanctions against the Debtor and Debtor's counsel are proper to the extent that the expenses or costs incurred were a result of the frivolous Motion for Reconsideration, which set in motion a series of events that warrant sanctions. The Court believes that under the circumstances the attorney and client should share, at least in part, the responsibility for litigation that violated Rule 9011. Therefore, sanctions shall be imposed jointly and severally for a portion of the sanctions award in favor of the Creditor.

The Creditor introduced evidence of attorney's fees totaling $27,165.45 plus costs totaling $1,532.60 for a total of $28,698.05 for services rendered since the filing of the Motion for Reconsideration. The evidence was unrebutted by the Debtor and Debtor's counsel. They failed to meet their burden to pointing out with any specificity which hours should be deducted. *See Kalzip, Inc. v. Hill Construction, LLC,* 2013 WL 3242400 (M.D.Fla.2013). The Court determines that a portion of the attorney's fees and all costs shall be awarded to the Creditor in an amount that the Court deems reasonable. A total of $15,000 is awarded in favor of the Creditor, of which $5,000 shall be awarded jointly and severally against the Debtor and his counsel, and $10,000 shall be awarded against only the Debtor.

Accordingly, it is

**ORDERED** as follows:

1. Motion for Sanctions [D.E. 57] is **GRANTED.**

2. Monetary sanctions are imposed in favor of Design Center of the Americas, LLC against Stephen Baker Turner and George Castrataro, Esq., jointly and severally, in the amount of $5,000.

3. Further monetary sanctions are imposed in favor of Design Center of the Americas, LLC against Stephen Baker Turner in the amount of $10,000.