Harold **SALTZ**, Plaintiff,

v.

The **CITY OF NEW YORK and Unidentified New York City Police Officers**, Defendants.

No. 00 CIV. 1183(CBM).

United States District Court,
S.D. New York.

Dec. 5, 2000.

Thomas Sheehan, Cheda ·& Sheehan, Jackson Heights, NY, for Plaintiff.

Brett H. Klein, The City of New York Law Department, for Defendants.

## MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

Plaintiff Harold Saltz filed this action under 42 U.S.C. § 1983 on February 17, 2000 against defendants City of New York and unidentified New York City police officers for violations of the First, Fourth, and Fourteenth Amendments to the Constitution of the United States. Plaintiff alleges the use of excessive force and false arrest.

The City of New York has moved for summary judgment dismissing plaintiff's complaint. For the reasons set forth below, this court GRANTS defendant's motion for summary judgment and DISMISSES plaintiff's complaint.

## I. BACKGROUND

Plaintiff alleges that on May 8, 1997, while sitting on a park bench in the vicinity of 29th Street and 2nd Avenue in Manhattan, he was approached by a slovenly-dressed individual who appeared to be homeless. The individual flashed a badge and told plaintiff that he was a police officer. The individual then struck plaintiff on the head, pushed him against a gate, handcuffed him, and dragged him toward an unmarked black van. Plaintiff alleges that during this altercation, he heard the individual mutter "child molester." Plaintiff claims he was then thrown to the ground, kicked in the spine, and shoved into the back of the van. Two other unidentified individuals were in the van; they took plaintiff's sunglasses and identification. Plaintiff demanded to be brought to the station house, but instead had hot coffee poured on him. Plaintiff was told, "What would the rabbi say if he saw a nice Jewish boy lying there that way."

Plaintiff was released in the vicinity of 29th Street and 3rd Avenue in Manhattan and was told to "go cleanse your sins." Plaintiff claims the license plate of the van was A255 followed by three additional letters. Plaintiff has been unable to link this partial license plate number to any vans owned by the City of New York.

## II. DISCUSSION

A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling on such a motion, the district court is to view the evidence in the light most favorable to the party opposing the motion. See Anderson v. Liberty Lob-

by Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper. *See, e.g., Brady v. Town of Colchester,* 863 F.2d 205, 210–11 (2d Cir.1988). The role of the court on a motion for summary judgment is not to try issues of fact but only to determine whether there are issues of fact to be tried. *See, e.g., Anderson,* 477 U.S. at 255, 106 S.Ct. 2505; *Gallo v. Prudential Residential Services, LP,* 22 F.3d 1219, 1223–24 (2d Cir.1994).

 Defendant moves for summary judgment of plaintiff's 42 U.S.C. § 1983 claims against the City of New York. To prevail against a municipality in a § 1983 action for unconstitutional acts by a municipal employee below the policymaking level, plaintiff must show that a municipal policy or custom caused the alleged deprivation of constitutional rights. *See Monell v. Department of Social Services,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *City of Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Vann v. City of New York,* 72 F.3d 1040, 1049 (2d Cir.1995).

Under § 1983, a municipality may not be held liable solely on the basis of respondeat superior. *See Monell,* 436 U.S. at 694–95, 98 S.Ct. 2018; *Ricciuti v. N.Y.C. Transit Authority,* 941 F.2d 119, 122 (2d Cir.1991). Rather, a plaintiff must show "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." *City of Canton,* 489 U.S. at 385, 109 S.Ct. 1197. A plaintiff must plead and prove the following three elements to hold a city liable under § 1983: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez,* 702 F.2d 393, 397 (2d Cir.1983). "A § 1983 plaintiff injured by a police officer may establish the pertinent custom or policy by showing

that the municipality, alerted to the possible use of excessive force by its police officers, exhibited deliberate indifference." *Vann,* 72 F.3d at 1049.

Plaintiff has been unable to show that his assailants were, in fact, employees of the City of New York. Because it has not been established that the individuals who allegedly assaulted plaintiff were New York City police officers, this court need not consider whether a denial of plaintiff's constitutional rights was caused by a policy or custom of the City of New York. *See, e.g., City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer," the municipality cannot be held liable).

## III. CONCLUSION

Because plaintiff has shown no basis for holding the City of New York liable for his alleged injuries, this court GRANTS defendant's motion for summary judgment and DISMISSES plaintiff's complaint.

SO ORDERED.